UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 07-cr-00095-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

FABIAN BENCOMO-CHACON,

       Defendant.

---

**ORDER DENYING MOTIONS TO SEAL, AND
GRANTING, IN PART, MOTION FOR ORDER TO SHOW CAUSE**

---

THIS MATTER comes before the Court on the Defendant's Motion for Order to Show Cause (**#20**), to which the Government responded (**#21**) and the Defendant replied (**#25, #26**). Also before the Court are the Government's motions (**#22, #23**) to seal its response and one of the motions to seal.  Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

**I.  Motions to Seal**

The Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978).  This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system.  *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002).  Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society."  *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (J. Kane).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure.  *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a particular court document should be sealed.  *See Nixon,* 435 U.S at 599.  Only in the rarest of cases is the sealing of documents appropriate – for example, cases involving intensely personal issues such as abortion or birth control, or cases pertaining to the welfare of abandoned or illegitimate children.  *See Doe v. F.B.I.*, 218 F.R.D. 256, 259 (D. Colo. 2003).

In furtherance of the common law right of access to court records, the United States District Court for the District of Colorado promulgated D.C.COLO.LCrR 47.1 , which provides in relevant part:

> A.      Scope. Upon motion and a showing of compelling reasons, a judicial officer may order that:
> 1.      all or a portion of papers and documents filed in a case shall be sealed; or
> 2.      all or a portion of court proceedings shall be closed to the public.

Such a showing is required to ensure public confidence in the judicial process.  It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter.  *Cf. McVeigh*, 119 F.3d at 814.

Here, the Defendant placed his medical condition at issue in open court by claiming that the Government is denying him necessary medical treatment.  He also describes his medical conditions in his Motion for Order to Show Cause.  Therefore, there are no compelling reasons to seal any of the documents filed in connection with this issue.  Both motions to seal are denied.

## II.  Motion for Order to Show Cause

The Defendant moves for issuance of an order directing the United States Attorney General and the Director of the United States Bureau of Prisons to show cause why they should not be held in contempt for undermining the Court's detention order and violating 18 U.S.C. § 4042(a)(2) & (3).  He claims that while housed at the Federal Detention Center, his eye condition (strabismus) has gone untreated, and he has been assigned the top bunk of a bunk bed despite a back injury.  He states that medical staff have promised to treat his ailments, but "the jailers seem to be refusing to take orders from the Marshal."

The Government responds that the Defendant is receiving medical treatment for his conditions.  Specifically, it asserts that the Defendant can obtain medication for his back pain at the Commissary, and can seek further medical treatment of his back (or request a lower bunk) by signing up for "sick call," which he has only recently done.  It also asserts that medical staff are in the process of trying to diagnose the Defendant's neurological condition contributing to the strabismus, but must await the arrival of specific medications in order to complete testing. The Government also contends that the Court lacks jurisdiction to hear any claims challenging the conditions of the Defendant's confinement, which must be asserted by way of a civil complaint following exhaustion of administrative remedies.

In reply, the Defendant states that his request for sick call to treat his back pain has gone unanswered, and he remains assigned to a top bunk.  He also contends that he has not been seen by a neurological expert.  He concedes that the United States Marshal is attempting to arrange a neurology visit for him, but advises that he cannot be seen at Denver Health unless the Federal Detention Center makes a referral.

Federal courts are courts of limited jurisdiction. *See Mires v. U.S.,* 466 F.3d 1208, 1211 (10th Cir. 2006). They may act only to the extent authorized by the United States Constitution or by statute. *Id.* Among these statutes are those governing the detention of persons charged in an Indictment, and those governing imposition of a sentence.

The Defendant was detained pursuant to 18 U.S.C. § 3142(g) after the Magistrate Judge determined that there were no conditions of release that will reasonably assure the Defendant's appearance. Among the factors the Magistrate Judge was required to consider was the Defendant's physical condition. 18 U.S.C. § 3142(g)(3)(A). If the Defendant believes that the detention order was improvidently entered in that it failed to take into account a serious medical condition, or that his medical condition has worsened since the detention order was issued, then it is within the purview of this Court to review it. *See* 18 U.S.C. § 3145. In order for this Court to conduct such review, a medical evaluation diagnosing the Defendant's ailments, specifying the treatment he needs, and identifying what treatment he will receive and when is essential.[1]

In addition, with regard to the offense charged in this case, the Defendant has entered a guilty plea and is scheduled to be sentenced in August. Under 18 U.S.C. § 3553(a), one of the factors the Court must consider in sentencing the Defendant is "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care[.]" This requires an accurate assessment of what the Defendant's current medical condition is, what treatment he needs, and whether and where he can receive such treatment while incarcerated. Upon receipt of this

---

[1] Arguably, the refusal to provide necessary medical treatment to a pretrial detainee would compel vacation of a detention order. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (Eighth Amendment right to necessary medical care); *Bell v. Wolfish,* 441 U.S. 520, 535-37 (1979) (pretrial detainees cannot be punished).

information, defense counsel may desire to file a motion for a non-guideline sentence.

Therefore, pursuant to both 18 U.S.C. § 3145 and 18 U.S.C. § 3553(a), the Court

concludes that it is within the Court's authority to direct that a pretrial detainee such as the

Defendant be provided with a medical evaluation.

The Government argues that the Court cannot order that the Defendant receive any

particular treatment within this context of this case, and that any claim of inadequate treatment

must be made in a civil lawsuit.  It is true that violation of 18 U.S.C. § 4042(a)[2] or of the Fifth,

Eighth or Fourteenth Amendments, may be challenged by a federal inmate or pretrial detainee in

the context of a civil suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics,* 403 U.S. 388 (1971), or under the Federal Tort Claims Act.  The Court agrees that a

request for provision of particular medical treatment cannot be maintained within the context of a

criminal case.  *See Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137 (7th Cir. 1995) (stating, in

*dicta*, that a pretrial detainee who seeks to change the conditions of his confinement must

commence a civil rights action, and cannot pursue such relief in the context of a criminal case).

However, the failure to provide needed treatment is a factor the Court may consider in

conjunction with the continuance of the Defendant's detention.

**IT IS THEREFORE ORDERED** that:

(1)     The Government's motions **(#22, #23)** to seal are **DENIED**.

(2)     The Defendant's Motion for Order to Show Cause **(#20)** is **GRANTED IN PART**

and **DENIED IN PART**.

---

[2] Under 18 U.S.C. § 4042(a), "The Bureau of Prisons, under the direction of the Attorney General, shall– . . . provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States[.]"

(3)     Not later than **July 25, 2007**, the Defendant's health condition (and in specific, his

         neurological and back conditions) shall be evaluated by Bureau of Prisons medical

         staff at a facility deemed suitable by the Federal Bureau of Prisons.

(4)     The professional(s) evaluating the Defendant shall prepare a written report

         addressing: (a) the neurological, back, or any other medical condition from which

         the Defendant suffers; (b) what treatment is necessary; (c) whether the Bureau of

         Prisons can provide necessary treatment; and (d) if so, where and how it will

         provide such treatment.

(5)     Unless otherwise ordered by the Court, the evaluation shall be completed and a

         written report submitted to the Court and to counsel no later than **August 1, 2007**.

         After receipt of such report, defense counsel is free to file any motions she deems

         appropriate.

Dated this 11th day of July, 2007

                                        **BY THE COURT:**

                                        _____
                                        Marcia S. Krieger
                                        United States District Judge